# IN THE COURT OF APPEALS OF IOWA

No. 24-1860
Filed August 6, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AMANDA SUE FELTEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Winnebago County, Colleen Weiland, Judge.


        A criminal defendant appeals her conviction for third-degree burglary, arguing it is not supported by substantial evidence. **AFFIRMED.**


        Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

A jury convicted Amanda Felten of third-degree burglary. Felten appeals, challenging the sufficiency of the evidence. She asks that we vacate her conviction and remand for dismissal. Finding substantial evidence to support the conviction and no reversible error in the jury's findings, we affirm.

## I.  Facts and Prior Proceedings

In the fall of 2023, Felten was charged with third-degree burglary after items were reported missing from the home of Gretchen Eddy in Forest City, Iowa. Eddy, who suffers from Parkinson's disease, had moved into a care facility, and her son Roger Lyons—acting under power of attorney—began cleaning out her home with the help of his fiancée, Lisa Brighton.

Two estate-style sales had taken place at the home: one in November 2022 and another in February 2023. Brighton coordinated the sales, which were held indoors and had light attendance. Felten claims she attended both events and purchased a lamp in the February sale. Brighton, however, did not recall seeing Felten at either sale and testified that no such lamp was sold.

Felten was employed by Big Red Preservation as a property inspector. Her duties involved checking properties, often from the exterior, for occupancy and condition. She performed documented inspections of Eddy's home in May and again in September. On September 28, she returned to the area and parked nearby, allegedly to report a large fallen tree. She claimed she did not enter the property and was unable to take photos because her phone was dead.

On October 1, Lyons and Brighton discovered that the house had been disturbed. Items were out of place, and they noticed the loss of specific

belongings, including a portable CD player, Nike baseball cleats, and antique angel figurines. They reported the incident to the police. During the investigation, police recovered latent fingerprints from a curtain rod that had been brought into the home during the summer of 2023—months after the February sale. The prints matched Felten's. Felten acknowledged the fingerprints but said they must have come from her earlier visits during the estate sales. A neighbor had seen an unfamiliar vehicle parked at the home on September 28, which was later linked to Felten via a license plate photograph. The neighbor also observed lights on in the house that night, though none of the authorized individuals were present.

When interviewed by police, Felten explained her presence in the area was related to work, yet she produced no documentation of an inspection for that specific day. At trial, she testified that she had entered the home during the public sales months earlier but failed to mention that to police previously. The jury ultimately found her explanation unconvincing and returned a guilty verdict. Felten was sentenced to a suspended five-year prison term and placed on probation for five years.

## II.    Scope and Standard of Review

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023). We are bound by the jury's verdict if it is supported by substantial evidence. *State v. Slaughter*, 3 N.W.3d 540, 546 (Iowa 2024). Substantial evidence exists if the record "would convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022) (citation omitted). "Evidence which merely raises suspicion, speculation, or conjecture is insufficient." *State v.*

*Casady*, 491 N.W.2d 782, 787 (Iowa 1992). "We consider all evidence, not just the evidence supporting the conviction, and view the evidence in the light most favorable to the State, 'including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *State v. Ernst*, 954 N.W.2d 50, 54 (Iowa 2021) (citation omitted).

## III.    Analysis

To convict the defendant of third-degree burglary, the State had to prove:

> Between September 21 and October 1, 2023, the defendant entered a house owned by . . . Eddy; the house was an occupied structure; the defendant did not have permission or authority to enter the house; the house was not open to the public; and the defendant did so with the specific intent to commit theft.

Felten contends that there was "no evidence [she] entered the home with an intent to commit a theft." She explains that her fingerprints appearing inside the home were a result of her past alleged appearances in the home from the estate sales. She urges us to conclude that the circumstantial evidence presented in this case did no more than raise suspicion. We disagree.

First, the neighbor, Donna Bindel, observed Felten's vehicle near the residence during the one-week timeframe of the burglary. She found the vehicle's presence so odd that she photographed it. Felten was not parked near the home on that date for any work order or assignment. Second, relative to Felten's explanation as to how her fingerprints were found in the home, evidence was presented that Brighton brought the rod inside the home *after* the last estate sale in February. Thus, "while the defendant has an alternative explanation of the evidence, 'the jury is not required to accept the defendant's version of the events.'"

*State v. Jones*, 967 N.W.2d 336, 343 (Iowa 2021) (citation omitted). Finally, Felten's testimony at trial was inconsistent with her prior statements to law enforcement. *See State v. Ernst*, 954 N.W.2d 50, 56 (Iowa 2021) ("A false story told by a defendant to explain or deny a material fact against him is by itself an indication of guilt and . . . is relevant to show that the defendant fabricated evidence to aid his defense.")

While Felten also raises issues with Brighton and Lyons' testimony as self-serving and therefore unreliable, such issues go to witness credibility, which is a determination for the jury to make, and our court defers to such factfinder credibility determinations. *See State v. West Vangen*, 975 N.W.2d 344, 350 (Iowa 2022); *State v. Mathis*, 971 N.W.2d 514, 518 (Iowa 2022).

Because substantial evidence supported the jury verdict, we affirm Felten's conviction.

**AFFIRMED.**